UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | CASE NO.   1:08-cv-978-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| DAWN MANION, et al., | (ECF No. 1) |
| Defendants. | PLAINTIFF SHALL FILE AN AMENDED COMPLAINT BY MAY 1, 2011 OR CASE WILL BE DISMISSED |

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to Magistrate Judge jurisdiction on August 15, 2008. (ECF No. 5.) No other parties have appeared. Plaintiff's original complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A.

I. **SCREENING REQUIREMENT**

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusion are not.  Iqbal, 129 S.Ct. at 1949.

## II.    SUMMARY OF COMPLAINT

Plaintiff's Complaint and its attachments total over one hundred pages none of which identify separate causes of action or identify the constitutional rights allegedly violated.  Instead, Plaintiff provides sparse facts relating to random events involving a number of unrelated Defendants.  He fails to provide any guidance as to what events occurred when or in what order.  He provides no context for the events described.  Nevertheless, the Court has attempted to piece together his essential allegations and identify potential constitutional violations.  Having done so, the best the Court can tell is that Plaintiff's Complaint alleges the following:

Plaintiff is civilly committed to Coalinga State Hospital ("CSH") as a Sexually Violent Predator ("SVP").  On May 8, 2008, he was placed on "one-to-one"—meaning he had a staff member assigned to watch him at all times—based on his threats of self-harm.  Two other patients in Plaintiff's dorm disliked the fact that Plaintiff had one-to-one staff supervision because that staff presence made it impossible for the prisoners to carry out illegal activities.  They verbally threatened Plaintiff.

Plaintiff informed Defendant Sara Powers that he had been threatened.  Powers contacted her unit supervisor, Letty Avila.  Neither took any action.  Plaintiff contends he should have been moved out of the dorms and into a single-man room.

At some point (it is not clear whether before or after Plaintiff talked with Defendant Powers), Defendant Deloris Teran was assigned to monitor Plaintiff.  While Teran was responsible for Plaintiff, Plaintiff's two dorm-mates assaulted him.  Plaintiff does not describe what occurred before, during or after this assault or whether it caused him any injuries.

At some point after the original assault, Defendant Alex was assigned to monitor Plaintiff and was supposed to step in as necessary to protect Plaintiff from violence. However, while Alex was across the room speaking with another staff member a patient (it is unclear whether this patient was also one of the perpetrators of the first assault) kicked Plaintiff in the knee and bruised his knee.  Alex did nothing to stop the patient from kicking Plaintiff.

Defendants Mellony Ogle and Dawn Manion work in the law library at CSH.  Plaintiff was supposed to get an hour every week in the law library.  However, for a period of two months, every time Plaintiff went to the law library, Ogle asked him to leave after only thirty minutes.  Plaintiff reported Ogle's behavior to Manion.  Manion failed to correct it.

Defendant Lishbook was assigned to monitor Plaintiff at some point.  Plaintiff was in severe pain due to a spinal injury so he laid on his bed.  Lishbook falsely accused Plaintiff of masturbating in her presence and filed a "green sheet" against him.  Plaintiff's unit team took away his pass level, meaning that Plaintiff was confined to the housing unit for some period of time.

Plaintiff also appears to allege that the medical care provided at CSH is deficient. He provides case law and the legal standard outlining CSH's obligation to provide adequate medical care, but fails to allege any facts about the care he received, explain how it was deficient, or describe how he was harmed by the care.

Plaintiff alleges that Defendant Butler refused to give him a patient complaint form because he was "not the right race." Butler provided a form for a black inmate; Plaintiff is white. Plaintiff does not state when this occurred or how it is related to any of the other allegations in this Complaint.

Based on these facts, Plaintiff seeks monetary and injunctive relief.

### III. ANALYSIS

#### A. Rule 20 and Plaintiff's Unrelated Claims

Pursuant to Federal Rule of Civil Procedure 20(a), persons may be joined in one action as defendants if any right to relief asserted against them arises out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise in the action. See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the Court may dismiss such claims without prejudice. Fed. R. Civ. P. 21; 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1684 at 484 (2001); Michaels Building Co. V. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing without prejudice under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

Having reviewed Plaintiff's Complaint, the Court concludes that few, if any, of his

claims arise out of the same transaction, occurrence, or series of transactions or occurrences .  Though Plaintiff fails to provide detail as to the timing of his allegations, his claims are so disjointed and involve such different facts that they could not all have arisen out of the same occurrence or series of occurrences.  The Court cannot allow such unrelated claims to proceed in the same action. See Fed. R. Civ. P. 20, 21. Thus, in the current case, the Court will permit Plaintiff to pursue only his claim that other patients attacked him and claims, if any,  that may flow directly from this attack.  For example, the Court would permit Plaintiff to bring a claim relating to medical care for injuries he suffered in this attack (if any), but not any unrelated medical care claims.

Plaintiff may not here pursue any of his claims related to the law library, the false charges allegedly filed against him, the failure to provide an inmate complaint form, or the failure to provide medical care (other than for injuries related to the two assaults).  The Court's ruling in this regard does not prevent Plaintiff from pursuing legal action on these other claims; it only prevents him from doing so in this action.  The Court will dismiss without prejudice all claims other than those related to the attack on Plaintiff by other patients.

### B.    Failure to Protect

Though Plaintiff repeatedly cites the Eighth Amendment in his Complaint, "[t]he substantive rights of civilly committed persons derive from the Due Process Clause of the Fourteenth Amendment and not the Cruel and Unusual Clause of the Eighth Amendment." Endsley v. Luna, 2009 WL 789902, at *4 (C.D. Cal. Mar. 23, 2009) (citing Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982)).  The Fourteenth Amendment requires that civilly committed persons not be subjected to conditions that amount to punishment, Bell v.

Wolfish, 441 U.S. 520, 536 (1979), within the bounds of professional discretion, Youngberg, 457 U.S. at 321-22.  Moreover, the "due process requires that the conditions and duration of confinement [for civilly confined SVPs] bear some reasonable relation to the purpose for which persons are committed." Seling v. Young, 531 U.S. 250, 265 (2001); see also Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004).

### 1. Failure to Protect

Though not explicitly stated, Plaintiff seems to claim that Defendants violated their duty to protect Plaintiff in allowing him to be "assaulted" on two occasions.  The Court construes his complaints in this regards as seeking to hold Defendants liable for failure to protect.

Plaintiff's right to be protected and confined in a safe institution is clearly established.  See Youngberg, 457 U.S. at 319-22 (finding that involuntarily committed individuals have constitutionally protected rights under Due Process Clause to reasonably safe conditions of confinement and freedom from unreasonable bodily restraint).  The Ninth Circuit has not addressed what legal standard a civilly committed individual must meet in order to show that a defendant is liable for failure to protect him from harm by another detainee.  At least one other circuit, however, has held that a civil detainee must show that the "defendants displayed deliberate indifference toward a risk that he was in danger."  Thomas v. Van Hollen, 387 F. App'x 630 (7th Cir. 2010) (citing Farmer v. Brennan, 511 U.S. 825 (1994)); see also Alves v. Murphy, 530 F.Supp.2d 381, 391 n.6 (D. Mass. 2008) (noting that the First Circuit applies the Eighth Amendment deliberate indifference standard to claims brought by detainees).  Deliberate indifference under the Fourteenth Amendment requires that a plaintiff show: "(1) the harm to the plaintiff was

objectively serious; and (2) the official was deliberately indifferent to [his] health or safety." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

The allegations in Plaintiff's Complaint fail to meet this standard. First, Plaintiff has not shown that the harm (either threatened or actual) to him was objectively serious. Plaintiff alleges that he was threatened by two patients but fails to provide any detail as to how he was threatened, when these threats occurred, or what the other patients threatened to do. Verbal taunting and harassment is not sufficient to state a Fourteenth Amendment claim. See Zavala v. Barnik, 545 F.Supp.2d 1051, 1058 (C.D. Cal. 2008) (collecting cases). Plaintiff also fails to describe the actual harm caused as a result of the assault by his two dorm-mates. If he chooses to amend his complaint, Plaintiff needs to allege facts sufficient to show that his harm was objectively serious.

Plaintiff's Complaint also fails to show that any particular Defendant was deliberately indifferent to his health or safety. Plaintiff alleges that Defendants Powers and Avila were aware of the threats against him. However, neither of these Defendants are alleged to have been nearby when either of the assaults occurred. In the first assault, the only Defendant that could have intervened was Defendant Teran, and Plaintiff fails to allege that she was aware of any threat to his safety. With respect to the second assault, Plaintiff alleges that Defendant Alex was in a position to stop the assault, but he fails to allege that Alex had knowledge of any threat to him. Without knowledge of an objectively serious threat to Plaintiff, these Defendants cannot have been "deliberately indifferent" to such threat. See Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

Because Plaintiff has failed to satisfy both elements of the deliberate indifference standard, he has failed to state a claim for failure to protect. The Court will grant Plaintiff

the opportunity to amend this claim. In doing so, Plaintiff should provide significantly more detail about the disputed events (including a general time line if possible), each Defendants' knowledge and participation in such events, and the harm that resulted from these assaults.

### 2. Plaintiff's Medical Claims

Plaintiff generally alleges that he is receiving inadequate medical care from employees at CSH. As noted above, the Court will not allow Plaintiff to pursue unrelated claims in this action. However, if Plaintiff suffered injuries as a result of either assault, and did not receive adequate medical treatment for those injuries, he can include that claim in this case. If Plaintiff chooses to include a medical care claim, he should be mindful of the following legal standard.

A civilly committed person's claim that his medical care violated constitutional standards is governed by the "professional judgment" standard set forth in Youngberg v. Romeo, 457 U.S. 307 (1982). The Supreme Court has declared: "[T]he decision if made by a professional, is presumptively valid; liability may be imposed only when the decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323. Under this "professional judgment" standard, mere negligence or medical malpractice does not violate the Constitution. See Patten v. Nichols, 274 F.3d 829, 842-43 (4th Cir. 2001) (applying Youngberg "professional judgment" standard to a denial of medical care claim by a civilly committed psychiatric patient and holding that more than negligence is required).

Should Plaintiff assert a claim that the medical care provided for his injuries violated

his constitutional rights, he must allege sufficient facts to show that the care provided was more than negligent. He must show that his care was so deficient that it could not have been based on the defendant's professional judgment. Plaintiff must also identify the particular defendant responsible for his deficient care.

## IV. CONCLUSION

The Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged assaults resulted in a deprivation of his constitutional rights. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims or adding new allegations to the unrelated claims. In this case, Plaintiff must focus solely on the two assaults by other patients and any constitutional violations that arose as a result of those assaults.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer

serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim;

2. Plaintiff's claims related to his access to the law library, the false charges allegedly filed against him, failure to provide an inmate complaint form, and failure to provide medical care (other than for injuries related to the two assaults) are DISMISSED WITHOUT PREJUDICE.  Plaintiff may not include these claims in his amended complaint in this case;

3. Within thirty (30) days, Plaintiff may file a amended complaint setting forth his claims related to the assault by other patients and any resulting injuries and/or constitutional violations;

4. Plaintiff shall caption the document "Amended Complaint" and refer to the case number 1:08-cv-978-MJS (PC); and

5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to prosecute and failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   March 15, 2011                       /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE