# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | CASE NO. 1:08-cv-978-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| DAWN MANION, et al., | (ECF No. 10) |
| Defendants. | CLERK SHALL CLOSE THE CASE |

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to Magistrate Judge jurisdiction on August 15, 2008, and no other parties have appeared. (ECF No. 5.) On March 16, 2011, the Court dismissed Plaintiff's original Complaint for failure to state a claim. (ECF No. 7.) Plaintiff filed his First Amended Complaint on April 7, 2011, and it is now before the Court for screening.

I. **SCREENING REQUIREMENT**

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusion are not. Iqbal, 129 S.Ct. at 1949.

## II. PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's First Amended Complaint contained one page of factual allegations. It alleges that, on May 8, 2008, because of concerns about Plaintiff harming himself, Plaintiff was placed on "one-to-one" status, which required that a staff member keep constant visual contact with Plaintiff. Plaintiff's dorm-mates were illegally making wine and could not engage in this criminal activity with the increased supervision that accompanied Plaintiff's "one-to-one" status. In an effort to get Plaintiff to change dorms, these two individuals "assaulted"[1] Plaintiff. Defendant Teran was Plaintiff's "one-to-one" staff member at the time of the attack. Plaintiff alleges that Teran did nothing to stop the attack.

Plaintiff reported the attack to Defendants Powers, Avila, Manion, Lishbook, Buttler, Ogle, and Melirger and asked to be moved to a different dorm. At one time or another, each of these individuals refused Plaintiff's request. Plaintiff remained housed in the same dorm as the two detainees that assaulted him. There is no allegation that these detainees continued to threaten Plaintiff.

---

[1] Plaintiff has failed to provide any details about this alleged "assault". He fails to explain how it occurred, when it occurred, what he was assaulted with, or what injuries resulted from the assault.

Three days later, Plaintiff was using the unit courtyard and the same two individuals assaulted him again. Defendant Alex was Plaintiff's "one-to-one" at the time of the second attack.

## III. ANALYSIS

The Court's March 16, 2011 Screening Order informed Plaintiff that he was not permitted to bring unrelated claims in the same civil action. (ECF No. 7.) The Court allowed Plaintiff to pursue only his claims arising out of the two alleged attacks by other prisoners together with medical care claims, if any, associated with those attacks. Plaintiff was informed of the relevant legal standard for failure to protect and failure to provide adequate medical care and was told that he needed to include sufficient factual details to allow the Court to determine whether the alleged wrongs committed against him rose to the level of a constitutional violation. (Id. at 6-10.)

Plaintiff has complied with the Court's Screening Order insofar as his First Amended Complaint alleges only that Defendants failed to adequately protect Plaintiff and/or failed to adequately respond to the assaults on Plaintiff by the other detainees. However, he has failed to provide any additional details regarding the attacks/assaults. Because of the dearth of facts, Plaintiff has failed to state a claim upon which relief could be granted.

Deliberate indifference under the Fourteenth Amendment requires that a plaintiff show: "(1) the harm to the plaintiff was objectively serious; and (2) the official was deliberately indifferent to [his] health or safety." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). Plaintiff's First Amended Complaint fails to satisfy either of these prongs. There are no details suggesting that the threat to Plaintiff was objectively serious. There is no indication that Plaintiff required medical attention after either "assault" or that either

incident resulted in any injury. As Plaintiff was previously informed, verbal taunting and/or harassment is not sufficient to state a Fourteenth Amendment claim. See Zavala v. Barnik, 545 F.Supp.2d 1051, 1058 (C.D. Cal. 2008) (collecting cases). Additionally, there is no allegation that any of the Defendants were deliberately indifferent to a threat to Plaintiff. Prior to the first attack, there is no indication that Defendant Teran had knowledge of a threat to Plaintiff. The same is true with respect to Defendant Alex's knowledge of the threat to Plaintiff prior to the second attack. Without knowledge of an objectively serious threat to Plaintiff, these Defendants cannot have been "deliberately indifferent" to such threat. See Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

Because Plaintiff has failed to satisfy both elements of the deliberate indifference standard, he has failed to state a claim. The Court previously provided Plaintiff the relevant legal standard as well as significant guidance as to what facts needed to be included in his amended complaint in order to satisfy this standard. Plaintiff's First Amended Complaint contains less facts than were in his original complaint. Having been advised of the missing elements and given an opportunity to provide them and still having failed to do so, it can only be concluded that Plaintiff is unable to correct the deficiencies and state a claim. Thus, the Court finds that further leave to amend is not warranted.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, Plaintiff's Complaint

///

///

1  is DISMISSED WITH PREJUDICE for failure to state a claim.  The Clerk shall close the
2  case.
3
4
5  IT IS SO ORDERED.
6  Dated:   April 18, 2011                    /s/ *Michael J. Seng*
7                                            UNITED STATES MAGISTRATE JUDGE